UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22913-CIV-HUCK/SIMONTON

<u>CONSENT CASE</u>

LUIS A. PALMA, et al.,

    Plaintiffs,

v.

SAFE HURRICANE
SHUTTERS, INC., et al.,

    Defendants.
_____/

<u>ORDER DISMISSING COUNT II OF THE AMENDED COMPLAINT</u>

This matter is before the Court *sua sponte*. This case is referred to the undersigned Magistrate Judge based upon the parties' consent (DE # 40). Pursuant to this Court's Order (DE # 45), Plaintiffs filed a memorandum in support of the Court's exercise of jurisdiction over their state-law conversion count (DE # 47). Based upon a review of record, it is hereby **ORDERED** that Plaintiffs' state law civil theft claim be **DISMISSED,** for lack of jurisdiction.

    I.    <u>BACKGROUND</u>

Luis Palma, Roberto Sanso, Fernando Acuna, Yerko Aguirre, Rolando Ibacache, Armando Catalan and Gabriel Antinao filed a lawsuit requesting relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. According to their Amended Complaint, Plaintiffs worked for defendant, Safe Hurricane Shutters, Inc., without being paid at all for weeks at a time and without being paid overtime wages for the hours that they worked in excess of forty hours per week. The Amended Complaint adds Edward

Leiva, Steve Heidelberger and Francis McCarroll as defendants, based upon the allegation that they are the corporate officers, owners and/or managers responsible for running the day-to-day operations of Safe Hurricane Shutters, Inc.; and, that they were responsible for paying Plaintiffs' wages (DE # 17).

In addition to the FLSA claim that forms the core of the Amended Complaint, Plaintiff Luis A. Palma also alleges the following:

<u>**COUNT II: CONVERSION (CIVIL THEFT) AGAINST PLAINTIFF LUIS A. PALMA BY DEFENDANT EDWARD LEIVA**</u>

. . . .

> 17. In July 2007, Plaintiff Luis A. Palma received a check for $17,000 from a prior employer of his in New York for work performed before Plaintiff worked for the Defendants. Defendant [Edward] Leiva apparently knew Plaintiff's prior employer in New York who issued the check to the Plaintiff.
>
> 18. Edward Leiva offered to cash Plaintiff's check for $17,000 and, based on Mr. Leiva's request, Plaintiff endorsed the check at that time and Mr. Leiva deposited the Plaintiff's check into Leiva's personal bank account.
>
> 19. Defendant Leiva then refused to pay Plaintiff the $17,000 after the check was deposited into Leiva's account and thereafter converted those funds belonging to the Plaintiff.
>
> 20. Defendant Leiva owes Plaintiff Palma $17,000.00 that is due with interest since J[uly] 2007

(DE # 1 at 5-6). There is no dispute that this claim for civil theft arises under state, not federal, law.

II. <u>**LEGAL STANDARD**</u>

The test for supplemental jurisdiction requires any supplemental state-law claims to be so related to the claims giving rise to federal jurisdiction that the state-law claims "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). "The constitutional 'case or controversy' standard confers supplemental jurisdiction

over all state law claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).[1]

### III.    THE PARTIES' POSITIONS

Plaintiffs contend that "a common nucleus of operative facts exists when both the state and federal claims arise from the same events and involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts;" and, that the case at bar presents such a scenario because:

> this FLSA matter concerns the employment relationship between Defendant Leiva and Plaintiff Palma. At the very heart of this case are the payment practices of the Defendants. In this matter, the facts surrounding the [alleged] conversion involve another instance where Defendant Leiva wrongfully withheld funds from Plaintiff Palma during the employment relationship

(DE # 47 at 4).

Plaintiffs also argue that the Court should favorably exercise its discretion to

---

[1] Assuming the supplemental claims arise from a common nucleus of operative fact as the federal claims, the Court retains the discretionary authority to decline jurisdiction over any supplemental state-law claim that:

> (1) . . . raises a novel or complex issue of State law,
>
> (2) . . . substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) [remains after] the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) [is present] in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

3

assert jurisdiction over the supplemental state-law civil theft claim.  First, Plaintiffs argue that the civil theft claim is neither novel nor complex and it would therefore preserve judicial resources to resolve the conversion claim together with the FLSA claim.  Second, Plaintiffs argue that the civil theft claim does not substantially predominate over the federal claim and is therefore unlikely to cause juror confusion because the allegation that Defendant Leiva converted a check addressed to Plaintiff Palma "is very similar to [Defendant Leiva's] failure to pay the FLSA mandated wages to [Plaintiff Palma]" (DE # 47 at 7).

IV.   ANALYSIS

The state-law civil theft claim does not arise from a common nucleus of operative fact as the FLSA claim and, therefore, it does not form part of the same case or controversy as the FLSA claim.  See 28 U.S.C. § 1367(a); Parker, 468 F.3d at 742-43.  Mr. Palma's civil theft claim is an entirely discrete and independent tort that bears no relation to Defendants' alleged failure to adequately compensate Plaintiffs pursuant to the FLSA.  Plaintiffs' argument that the claims arise from a common nucleus of operative fact because they both concern the "wrongful withholding of funds during an employment relationship" is not persuasive.

The record establishes that the "employment relationship" between Mr. Palma and Mr. Leiva has no bearing on Mr. Palma's civil theft claim.  How Mr. Palma came to know Mr. Leiva is irrelevant to whether Mr. Leiva committed (1) and act of dominion wrongfully asserted (2) over Mr. Palma's property which was (3) inconsistent with Mr. Palma's ownership therein.  See Del Monte Fresh Produce Co. v. Dole Food Co., 136 F. Supp. 2d 1271, 1294 (S.D. Fla. 2001) (applying Florida law).  Plaintiffs' FLSA claims involve Mr. Leiva acting in his capacity as a corporate representative of Safe Hurricane

Shutters, Inc., whereas the alleged conversion was an act independent of Mr. Leiva's role as a corporate actor.  There is not the slightest hint in the record that Mr. Leiva's alleged conversion was dependent upon, or even related to, Mr. Palma's employment at Safe Hurricane Shutters, Inc. or to the wages he was entitled to collect for his labor as an employee.

In a related vein, Plaintiffs' suggest, unconvincingly, that Defendants' "payment practices" which form the "very heart of this case" are similar to Mr. Leiva's alleged conversion of Mr. Palma's check (DE # 47 at 4) .  Equating a "payment practice" with the civil theft described in Count II of the Amended Complaint requires an unacceptably contorted construction of those terms and fails to satisfy this Court that Defendants' alleged FLSA violations comprise the same case or controversy as Mr. Leiva's alleged conversion of Mr. Palma's check.

In conclusory fashion, Plaintiffs propose that the federal and state-law claims involve "the same or similar evidence or facts" (DE # 47 at 4) but the record belies such an assertion, as there is no substantive nexus between the two claims.  To prove their FLSA claim, for instance, Plaintiffs will have to establish that they are employed by Defendants; that Plaintiffs worked a certain number of hours; and, that Defendants failed to pay them in accordance with the FLSA.  Defendants' affirmative defenses, among other things, raise issues relating to the existence of enterprise or individual coverage under the FLSA; the applicability of various FLSA exemptions, exclusions, exceptions and credits; as well as defenses included in the Portal-to-Portal Act.  None of these issues are intuitively germane to Mr. Palma's civil theft claim, and Plaintiffs fail to explain the similarities they share.  Similarly, the evidence needed to prove or defend the state-law civil theft claim does not appear to overlap with Plaintiffs' FLSA claims, and

Plaintiffs have not explained how it will overlap.  *See Roper v. Edwards*, 815 F.2d 1474, 1477 (11th Cir. 1987) (affirming dismissal of state-law claims that "contained divergent legal theories and very different measures of proof" than the federal claims at issue). Whatever shallow similarities the two claims share is outweighed by their substantial differences and, thus, there is little reason to believe that trying these two claims together would serve the primary policy objectives of supplemental jurisdiction by promoting judicial economy and convenience.

In light of the foregoing, it is not necessary to address whether this Court would be inclined to act on its discretionary authority to exercise jurisdiction over Mr. Palma's supplemental state-law civil theft claim.  However, to the extent that the Court would have such discretion, the undersigned finds that this is not an appropriate case to exercise that discretion.[2]  The civil theft count applies to only one of the Defendants and would needlessly protract this case and distract the jurors from the FLSA issues.  It is, therefore,

**ORDERED AND ADJUDGED** that Count II of Plaintiffs' Amended Complaint (DE # 17) is **DISMISSED**, for lack of jurisdiction.

**DONE AND ORDERED** in Chambers in Miami, Florida on July 25, 2008.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

---

[2]  The undersigned notes that the District Judge assigned to this case prior to the consent by the parties to the exercise of jurisdiction by the undersigned Magistrate Judge, orally stated at a status conference that the civil theft count would be dismissed, although this ruling was never reduced to writing (DE # 6).

**Copies to:**
**All counsel and *pro se* parties of record**