UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22913-CIV-SIMONTON  (**CONSENT CASE**)

LUIS A. PALMA, *et al.*,

 Plaintiff,
v.

SAFE HURRICANE SHUTTERS, INC.,
a Florida corporation, *et al.*,

 Defendants.
_____/

**DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE,
MOTION FOR PROTECTIVE ORDER**

Defendants, Steve Heidelberger, Francis McCarroll, and Safe Hurricane Shutters, Inc. ("Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 1 and 26, file this Motion to Stay Pending Resolution of Defendants' Motion to Dismiss Plaintiff's Complaint, or in the alternative, Motion for Protective Order, and in support state:

**BACKGROUND**

The Plaintiffs filed a Complaint setting forth violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs seek back wages, liquidated damages, prejudgment interest, attorneys' fees, and litigation expenses. (*See generally, Complaint*).

Defendants were a small, local hurricane shutter installation company. The corporate Defendant grossed more than $500,000 per year in 2005 and 2006 before going out of business, however, it did not have two or more employees engaged in commerce or in the production of goods for commerce, and is a local business only transacting and seeking to transact business in

South Florida. These simple facts, despite the fact that Defendants' gross revenue exceeds $500,000, warrant the conclusion that this Court is without jurisdiction over this matter, and in a companion case to this one involving the same Defendants, Judge Cohn just decided that very legal issue. *Lamonica v. Safe Hurricane Shutters, Inc.*, -- F. Supp. 2d --, 2008 WL 4346323 (S.D. Fla., Sept. 23, 2008) (Cohn, J.). Additionally, numerous courts in the Southern District of Florida have recently held that summary judgment is applicable to similar local companies. *See, e.g.*, *Bien-Aime v. Nanak's Landscaping, Inc.*, -- F. Supp. 2d --, 2008 WL 3892160 (S.D. Fla., Aug. 12, 2008) (granting summary judgment for lack of jurisdiction); *Polycarpe v. E & S Landscaping, Inc.*, -- F. Supp. 2d --, 2008 WL 3866498 (S.D. Fla., Aug. 15, 2008) (granting summary judgment for lack of jurisdiction); *Morales v. M & M Painting and Cleaning Corp.*, 2008 WL 4372891 (S.D. Fla., Sept. 24, 2008) (O'Sullivan, J.); *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 1777392 * 5-6 (S.D. Fla., Apr. 17, 2008). The Defendants rely on the Declarations of the corporate Defendants' owners and other evidence for the above-stated facts (which was previously filed as an attachment to its Motion for Summary Judgment in *Lamonica*). The *Lamonica*, *Bien-Aime*, *Polycarpe*, *Morales*, and *Sandoval* courts relied on an Eleventh Circuit case for their holdings that unless the plaintiff can prove that two or more employees are engaged in interstate commerce, summary judgment is warranted. *Scott v. K.W. Max Investments, Inc.*, 2007 WL 2850926 (11th Cir., Oct. 2, 2007).

      The Defendants filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment, which sets forth that the Defendants are not subject to the FLSA because their gross revenue does not exceed $500,000, and because the Plaintiff is not otherwise entitled to invoke individual coverage. Because of these two facts, this case was improvidently filed, and no subject matter jurisdiction exists. Accordingly, because various Court deadlines are approaching

(*e.g.*, mediation) and we are in the middle of the discovery period (*e.g.*, the Plaintiffs went out and set numerous depositions shortly after the *Lamonica* decision was rendered, see Notice of Taking Deposition, attached hereto as Exhibit 1, and served a set of interrogatories, attached hereto as Exhibit 2), because the costs associated with them will be high (a lot for the Defendants—approximately $2,400.00 for the deposition and $3,600.00 for the mediation (plus possible travel costs for the individual Defendants, and $600.00 for the interrogatory responses), the Defendants seek a stay of this case until the Court rules on the Defendants' dispositive Motion, and in the alternative, believes that the Court should stay the proceeding pending resolution of this issue by the Eleventh Circuit, given that the *Lamonica* decision has been appealed.

### MEMORANDUM OF LAW

**I.  THE LEGAL STANDARDS FOR STAYING A CASE TO CONSERVE JUDICIAL RESOURCES AND THE RESOURCES OF THE LITIGANTS**

Pursuant to Federal Rule of Civil Procedure 1, the Federal Rules "shall be construed to secure the just, speedy and inexpensive determination of every action." To this end, district courts must take an active role in managing the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (district courts must take an active role in the management of litigation, particularly discovery issues). As explained by the *Chudasama* court, the purposes behind the court's management role are the avoidance of unnecessary discovery costs, preservation of judicial resources and deterrence of discovery abuses.

> Although mechanisms for effective discovery are essential to the fairness of our system of litigation . . . they also carry significant costs. . . . Discovery imposes several costs on the litigant from whom discovery is sought….The party seeking discovery also bears costs . . . . Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce

>	judicial resources must be diverted from other cases to resolve discovery disputes.
>
>	If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. *For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible*. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scare judicial resources, and damage the integrity and the public's perception of the federal judicial system.
>
>	In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim.

*Id.* at 1367-68 (footnotes omitted; citations omitted; emphasis added). *See also Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1381 n. 15 (11th Cir. 1998) (noting district court's entry of a discovery stay order pending disposition of pending motions); *Crayton v. Callahan*, 120 F.3d 1217, 1218 (11th Cir. 1997) (same); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (district court did not abuse its discretion in staying discovery pending defendant's motion to dismiss or for summary judgment); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (court possess broad discretion to stay discovery pending a decision on dispositive motions, though an abuse of discretion will be found when the staying of general discovery denies a party information relating to the dispositive motion); *Allstate Life Ins. Co. v. The Estate of Miller*, 2004 WL 141698, *1 (S.D. Fla. 2004) (same); *Hovermale v. School Bd. of Hillsborough County Florida*, 128 F.R.D. 287, 288-289 (M.D. Fla. 1989) (a stay of discovery may be proper if the discovery sought does not hinder the ability of a party to defend against the dispositive motion).

*Chudasama* is consistent with decisions of other circuits initially limiting discovery to dispositive or threshold issues. *See e.g. Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976) (by limiting discovery, trial court avoided "putting the parties to the expense of conducting broad discovery on al issues raised in the complaint" while what would be potentially dispositive motion was pending). As the Fifth Circuit stated in *Corwin v. Marney, Orton Invs.,* 834 F.2d 194, 200 (5th Cir. 1988), "[i]t would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach trial because of the expiration of a limitations period."[1] Here, the dispute is partly about discovery, and partly about other pretrial matters that cost considerable time and money, and that appear to be set simply to drive up the costs of litigation.

## II.  THE LEGAL STANDARDS FOR GRANTING A MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c)

The legal standard concerning the grant of a protective order.  Protective orders are entered for "good cause." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995) (stating that good cause is established when disclosure will cause clearly defined and serious injury).  The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[2]  Federal Rule of Civil Procedure 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice

---

[1] *See also Ingram Corp. v. J. Ray McDermott & Co., Inc,* 698 F.2d 1295, 1304 n. 13 (5th Cir. 1983) (noting that "[a] decision to prevent unnecessary discovery because the case could well be decided on the parties' motion is not, on its face, fundamentally unfair to a party desiring discovery"); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987)*; City of Springfield v. Washington Pub. Power Supply Sys*., 752 F.2d 1423, 1427 (9th Cir. 1985); *Hilton v. W.T. Grant Co.*, 212 F. Supp. 126, 130 (W.D. Pa. 1962) ("if there is reason to believe. . . the action may be dismissed . . . it will be unreasonable to require [the defendant] to undergo the burden of answering interrogatories until its status as a defendant is determined"); *Waldman v. Carey,* 82 F.R.D. 469, 471 (E.D. Pa. 1979) (staying discovery pending disposition of motions to dismiss)*; United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 1987 WL 18172, *4 (E.D. N.Y. 1987) (staying discovery pending decision on planned motion to dismiss)*.*

so requires to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source, (ii) the party seeking the discovery has had ample opportunity to obtain the information, or (iii) the discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.

Steven Baicker-McKee, *Federal Civil Rules Handbook*, 411 (1998 ed.). "The burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The Defendants have set forth a "particular and specific demonstration of fact" showing that they are entitled to a protective order, because the costs and fees associated with depositions and mediations are high. Moreover, defense counsel has already had an opportunity to take the depositions of Defendants Heidelberger and McCarroll and Leiva in *Lamonica*, and Plaintiff also took the deposition of Leiva in *Torrealba* (a third case that Plaintiff's counsel has brought against the Defendants).

This Court and the parties have a duty (which is continuing) to ascertain whether jurisdiction over the subject matter exists. *Board of License Comm'rs v. Pastore*, 469 U.S. 238, 240 (1985) (stating that "[w]hen a development after this Court . . . notes probable jurisdiction could have the effect of depriving the Court of jurisdiction . . . that development should be called to the attention of the Court without delay"); *Byrne v. Nezhat*, 261 F.3d 1075, 1117 n.83 (11th Cir. 2001) (describing an attorney's duty of candor as a "continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation"). Whether jurisdiction exists should also be determined as soon as possible in a case, even before

---

[2] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or

6

determining whether to accept a motion for voluntary dismissal. *University of South Ala. v. The Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1998) (reversing and remanding the acceptance of a voluntary dismissal when there were challenges to the district court's jurisdiction pending, that the district court did not address). Any sort of "jurisdictional issue . . . must be resolved at the threshold." *Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Florida Dep't of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (stating "[t]he question of mootness is one which a federal court must resolve before it assumes jurisdiction"). The Eleventh Circuit went on to state that whether there is subject matter jurisdiction "ought to be resolved first." *Id.* This is a longstanding rubric in this Circuit. *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983) (stating that "it is well established that subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties"). It is clear that subject matter jurisdiction "is an issue which can and must be raised by the court at any level of the proceeding." *Id.*; *Carr v. Saucier*, 582, 14, 15 (5th Cir. 1978).

The depositions should be ordered not to proceed, because Plaintiffs' counsel set them unilaterally. It goes without saying that the unilateral setting of depositions is prohibited. The Local Rules require that counsel be courteous to each other, as follows:

> **A.     Courtesy and Cooperation Among Counsel.**
>
>    (1)   *Courtesy*.  Discovery in this District is normally practiced with a spirit of cooperation ad civility.  Local lawyers and the Court are proud of the courteous practice that has been traditional in the Southern District.  Courtesy suggests that a telephone call is appropriate before taking action that might be avoided by agreement of counsel.
>
>    (2)   *Scheduling*.  A lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling discovery.

---

legitimate need to take judicial action. *Id.*

S.D. Fla. L.R. Gen. App. A. § I(A)(1). Plaintiffs' counsel did not afford defense counsel this basic courtesy, and thus a protective order should issue with respect to the setting of these depositions. Additionally, a protective order should issue concerning the set of interrogatories.

## CONCLUSION

For the foregoing reasons, the case should be stayed pending the Court's resolution of the Defendants' Motion to Dismiss, or in the alternative, a protective order should issue concerning the depositions, the mediation, and all current court-ordered deadlines and requirements.

## CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with Plaintiff's counsel by sending a letter concerning this topic yesterday, but has not received any response from him before the filing of this Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (J.H. Zidell, Esq., City National Bank Building, 300 71st Street, Suite #605, Miami Beach, Florida 33141) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

>Glasser, Boreth & Kleppin
>Attorneys for Plaintiff
>8751 W. Broward Blvd.
>Suite 105
>Plantation, FL 33324
>Tel.  (954) 424-1933
>Fax  (954) 474-7405
>E-mail:  Glabor@aol.com
>
>
>By    s/Chris Kleppin_____
>          Chris Kleppin
>          Fla. Bar No. 625485

C:/MyDocuments/SafeHurricaneShutters-Palma/DefMtoStay10/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21014-CIV-JORDAN/TORRES

EUGENIO NAVARRO,

    Plaintiff,

v.

BRONEY AUTOMOTIVE REPAIRS, INC.,
STEPHEN ROMNEY, and ANTHONY BROWN

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE came before the Court upon Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, Motion for Summary Judgment, and the Court having considered same, having reviewed the file, and being otherwise advised in the premises, it is hereby;

ORDERED AND ADJUDGED that the Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, Motion for Summary Judgment, is hereby GRANTED, and this case is stayed until resolution of the Defendants' recently filed dispositive motion.

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida, this _____ day of October, 2007.

                                                                _____
                                                                ADALBERTO JORDAN
                                                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Chris Kleppin, Esq.
J.H. Zidell, Esq.