**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-22913-CIV-HUCK/SIMONTON**
<u>**CONSENT CASE**</u>

**LUIS A. PALMA, et al.,**

      **Plaintiffs,**

**v.**

**SAFE HURRICANE SHUTTERS, INC., et al.,**

      **Defendants.**

_____/

<u>**ORDER ON DEFENDANTS' MOTION TO DISMISS FOR**</u>
<u>**LACK OF SUBJECT MATTER JURISDICTION**</u>

      **This matter is before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 60].  Plaintiffs have filed a Response to Defendants' Motion to Dismiss [D.E. 62] and Defendants have filed Reply [D.E. 63].  In addition, Defendants have filed Supplemental Materials in Support of their Motion to Dismiss [D.E. 70, 73, 74].  For the following reasons the undersigned concludes that Defendants' Motion to Dismiss is denied.**

**I.**       <u>**BACKGROUND**</u>

      **Luis Palma, Roberto Sanso, Fernando Acuna, Yerko Aguirre, Rolando Ibacache, Armando Catalan and Gabriel Antinao filed a lawsuit requesting relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  According to their Amended Complaint, Plaintiffs worked for defendant, Safe Hurricane Shutters, Inc., without being paid at all for weeks at a time and without being paid overtime wages for the hours that they worked in excess of forty hours per week [D.E. 17]. The Amended Complaint added Edward Leiva, Steve Heidelberger and Francis McCarroll as Defendants, based upon the**

allegation that they are the corporate officers, owners and/or managers responsible for running the day-to-day operations of Safe Hurricane Shutters, Inc.; and, that they were responsible for paying Plaintiffs' wages. The Amended Complaint alleges, *inter alia*, that the Defendants' business and each Plaintiff's work for the Defendant affected interstate commerce and thus subject Defendants' business activities to the FLSA. On July 31, 2008, this Court entered an Order of default judgment against Defendant Leiva for failing respond to the Court's Order to Show Cause for his failure to appear at the status and scheduling conference in this matter [D.E. 58].[1]

Defendants have filed a Motion to Dismiss asserting that this Court lacks jurisdiction over the matter as Plaintiff has failed to demonstrate that the FLSA applies to the Defendants. Specifically, in their Motion, Defendants maintain that they did not employ two or more employees that were engaged in interstate commerce at the time that Plaintiffs worked for Defendants and thus are not subject to the requirements of the FLSA. In support of their position, Defendants primarily rely on the summary judgment ruling in favor of Defendants in the case of *Lamonica v. Safe Hurricane Shutters, Inc.*, Case No., 07-61295-CIV-COHN, wherein the court found that plaintiffs in that case failed to raise an issue of material fact regarding whether Safe Hurricane Shutters, Inc., was subject to enterprise coverage under the FLSA [D.E. 60-2].[2]

In response to Defendants' Motion to Dismiss, Plaintiffs assert that the case of *Lamonica* is not dispositive of this matter as the Plaintiffs in this case were not part of

---

[1] Defendant Edward Leiva filed a Notice of Joinder in Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 61]. To the extent that Mr. Leiva has standing to raise this issue of subject matter jurisdiction after the entry of a default judgment against him, this Order applies to his Joinder Motion as well.

[2] The plaintiffs in the Lamonica case consisted of nine individual plaintiffs, none of whom are plaintiffs in the instant action. [D.E. 60-2 at 2, n. 2].

the *Lamonica* case and the *Lamonica* matter is being appealed.[3]   Further, Plaintiffs assert that despite the *Lamonica* court's ruling on the motion for summary judgment adverse to the plaintiffs in that case, that there was evidence that the blades used by the Defendants were manufactured in a foreign country which, according to Plaintiffs,  may satisfy the interstate commerce requirement for enterprise coverage under the  FLSA. Plaintiffs maintain that as this matter is at the Motion to Dismiss stage and not that the summary judgment stage, the Plaintiffs should be allowed to pursue discovery to obtain further evidence of Defendants' use of interstate commerce products in order to satisfy the jurisdictional requirement.

In their Reply, Defendants argue that since the court in *Lamonica* found that the Plaintiffs failed to show that Defendant Safe Hurricane Shutters, Inc. was subject to enterprise coverage under the FLSA, the Plaintiffs in this matter are collaterally estopped from relitigating the issue of whether the Defendants are subject to enterprise coverage under the FLSA.  Defendants also point to other cases where, according to Defendants, courts in this district have held that companies similar to the Safe Hurricane Shutters, are not subject to the FLSA, and dismissed those cases on summary judgment. Defendants also argue that whether the blades used by the Defendants moved in interstate commerce is irrelevant as the goods were no longer in the stream of commerce once they reached the local retailer as the ultimate consumer.   Finally, the Defendants suggest that in the alternative to dismissing this action, the matter should be stayed pending the resolution of the Eleventh Circuit's review of the *Lamonica* decision

---

[3]  On October 10, 2008, a Notice of Appeal to the Eleventh Circuit was filed by Plaintiffs in *Lamonica, et al., v. Safe Hurricane Shutters, Inc., et al*, 07-61295-CIV-COHN [D.E. 104].

rather than allowing the Plaintiffs to engage in costly and burdensome discovery.[4]

II. ANALYSIS

    A.    Coverage under the FLSA

The crux of the issue in the Defendants' Motion to Dismiss is whether the Defendants are subject to the FLSA under enterprise coverage.  Under the FLSA, an employer is required to pay an employee overtime compensation for any hours worked in excess of forty hours a week, if the employee is engaged in commerce or in the production of goods for commerce ("individual coverage") or, is employed in an enterprise engaged in commerce or in the production of goods for commerce, ("enterprise coverage') 29 U.S.C. § 207(a).  Thus, in order for the FLSA to apply, an employee must demonstrate that his employer's business activities fall under either individual or enterprise coverage. *Thorne v. All Restoration Services*, *Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006).  In this case, the Plaintiffs have only alleged that the Defendants are subject to enterprise coverage under the FLSA as Safe Hurricane Shutters grossed over $500,000 annually, and the materials used by the Plaintiffs moved through interstate commerce prior and subsequent to that use [D.E. 17].

Before reaching the issue of whether the Defendants are subject to enterprise coverage under the FLSA, the Court notes that Defendants have styled their Motion as a Motion to Dismiss for Lack of Subject Matter Jurisdiction but reference the standard for granting summary judgment in their Memorandum of Law in support of their Motion

---

[4] The Defendants have filed a Motion to Stay Pending Resolution of Defendants' Motion to Dismiss Plaintiff's (*sic*) Complaint, or in the Alternative, Motion for Protective Order [D.E. 64].  Plaintiffs have filed an Opposition [D.E. 65] and Defendants' have filed a Reply [D.E. 63].  The Court need not reach the merits of the Defendants' Motion as the resolution of the Motion to Dismiss renders the Motion to Stay moot.

[D.E. 60].  In *Turcios v. Delicias Hispanas Corp.*, 275 Fed.Appx. 879 (11th Cir. 2008) the Eleventh Circuit, in an unpublished opinion, vacated a district court's order and remanded the case when the district court applied the Federal Rule of Civil Procedure 12(b)(1) analysis to a motion to dismiss an FLSA claim where the defendant challenged the court's subject matter jurisdiction alleging that plaintiff had failed to establish enterprise coverage to bring the employer within the requirements of the FLSA. *Id.* at 881.  The Eleventh Circuit explained that the motion to dismiss was intertwined with the merits of the plaintiff's claims in that case as the FLSA statute provided both the basis for subject matter jurisdiction of the federal court and the basis for plaintiff's substantive claim for relief. *Id.*  Thus, the Court opined that the motion to dismiss should have been treated as a direct attack on the merits of plaintiff's claims and resolved as a Federal Rule of Civil Procedure 56, summary judgment motion rather than as a Rule 12(b)(1) Motion. *Id.*[5]  Accord, *Navarro v. Broney Automotive Repairs, Inc.*, 533 F.Supp.2d 1223, 1224 n. 2 (S.D. Fla. 2008)(quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) and stating where factual attack on subject matter jurisdiction implicates element of cause of action, court should find jurisdiction and deal with motion under Rule 56 summary judgment standard).  In addition, the Court directed the district court to allow the parties to submit additional evidence on the issue of whether the defendant was an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.  *Id.* at 882.

---

[5] The Court recognizes that it is not entirely clear whether issues related to enterprise coverage are subject matter jurisdictional in nature or rather only are a required element of Plaintiffs' case that should be resolved at the dispositive motion stage based upon the facts of the case. *Turcios*, 275 Fed. Appx., at 882, n. 5 (referencing *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26  (1st Cir. 2007)(citing *Aarbaugh v. Y & H Corporation*, 546 U.S. 500 (2006)).

Similarly, in the case at bar, while the Defendants do not contest that the corporate Defendant grossed over $500,000 annually during the relevant time frame, the Defendants have asserted that the Court lacks subject matter jurisdiction as the Plaintiffs are unable to demonstrate that the Defendants are subject to the FLSA under enterprise coverage as they did not have two or more employees engaged in commerce or in the production of goods for commerce.   Therefore, as in *Turcios*, the Defendants' jurisdictional challenge is intertwined with the merits of Plaintiffs' claims and therefore appropriately is analyzed as a Rule 56 summary judgment motion.  However, as discovery in this matter has not been completed and as the Plaintiff has alleged that it seeks to establish through discovery that the goods used by the Defendants' employees were in interstate commerce in order to satisfy the jurisdictional requirements for enterprise coverage under the FLSA  [D.E. 62 at 3]. Defendants' Motion to Dismiss, viewed as a Motion for Summary Judgment, is premature.  Accordingly, Defendants' Motion to Dismiss is denied without prejudice to raise the same issues related to enterprise coverage in a motion for summary judgment.

In support of its position, the Defendants cite to several cases which are wholly consistent with the Court's conclusion in this regard.  In particular, the *Lamonica* case was decided at the summary judgment stage and, in fact, the court in that case noted that the plaintiffs failed to raise a genuine issue of material fact regarding enterprise coverage through the conclusory and vague affidavits submitted in opposition to the summary judgment motion and specifically failed to explain where plaintiff purchased certain materials, that may have been in interstate commerce.   It is this very issue that Plaintiffs assert they need to conduct additional discovery on in order to establish enterprise coverage.   Similarly, *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F.Supp. 2d

6

1312 (S.D. Fla. 2008) and *Polycarpe v. E&S Landscaping Service, Inc.*, 572 F.Supp. 2d 1318 (S.D. Fla. 2008), cited by the Defendants,  were resolved on motions for summary judgment where the courts did not address the issue of whether the plaintiffs needed additional time to complete discovery to support their enterprise claim.   Further in *Guzman v. Irmadan, Inc.*, 551 F. Supp.2d 1368 (S.D. Fla. 2008), the court permitted the parties to complete additional discovery on the jurisdiction issue prior to ruling on the motion to dismiss which the court treated as a motion for summary judgment.  Finally, significantly, in *Sandoval v. Florida Paradise Lawn Maintenance*, 2008 WL 5250274 *1 (11th Cir., Dec. 18, 2008), also submitted by Defendants as supplemental authority,  the Eleventh Circuit noted that the plaintiffs in that case requested additional time to complete discovery before the district court ruled on the motion for summary judgment, but failed to raise the district court's denial of that request on appeal and therefore waived the argument.  *Id*. at *2, n. 2.  Thus, the cases cited by the Defendants do not alter the Court's conclusion that the Defendants' Motion is premature and should be denied until discovery is completed.

       B.      **Collateral Estoppel**

Defendants have also asserted that Plaintiffs are collaterally estopped from litigating the issue of enterprise coverage as that issue was previously decided in a prior case.   More specifically, the Defendants assert that in the *Lamonica* case, the court determined Defendant Safe Hurricane Shutters, Inc., was not subject to the FLSA as the Defendants' employees did not handle, sell or otherwise work on goods or materials that have moved in or were produced for interstate commerce.  The Defendants argue that the Plaintiffs in this case are bound by that conclusion and thus are precluded from litigating that issue in this matter.   Defendants however have failed to demonstrate that

7

collateral estoppel should be applied in this case.

The doctrine of collateral estoppel precludes the relitigation of an issue which has already been litigated and resolved in a prior proceeding. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998).  To claim the benefit of collateral estoppel, the party relying on the doctrine must show that (1) the issue at stake is the same as the one involved in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the first action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.*  In addition, the Eleventh Circuit has held that collateral estoppel can apply only "when the parties are the same (or in privity) [and] if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding." *EEOC v. Pemco Aeroplex, Inc.,* 383 F.3d 1280, 1285 (11th Cir. 2004)*(citing In re Southeast Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir.1995); In re St. Laurent, 991 F.2d 672, 675 (11th Cir.1993)).  If identity or privity of parties cannot be established, then there is no need to examine the other factors in determining whether res judicata or collateral estoppel applies. *Id.*

In this case, the Defendants do not argue that the Plaintiffs herein were Parties in the *Lamonica* case, but rather assert for purposes of collateral estoppel, the parties do not have to be identical as those in the prior proceeding and thus, as Plaintiffs in this matter have the same counsel as the Plaintiffs in the *Lamonica* case that the Plaintiffs may not relitigate whether the Defendants are subject to FLSA enterprise coverage. Thus, Defendants in essence, assert that the Plaintiffs herein were virtually represented by the Plaintiffs in the *Lamonica* matter, and thus had a full and fair opportunity to

litigate the same issues raised in this matter.  The Defendants are incorrect in their analysis.

In *Taylor v. Sturgell*, 128 S.Ct. 2161 (2008), the Supreme Court examined whether an unsuccessful  Freedom of Information Act law suit brought by a plaintiff seeking certain documents from an agency precluded a second law suit brought by plaintiff's friend seeking the exact same documents from the same agency.  In so doing, the Supreme Court reaffirmed its holdings related to nonparty preclusion and reiterated the proposition that generally a person who was not a party to a prior suit has not had a full and fair opportunity to litigate the issues settled in that suit.  *Id.*  The Court then analyzed the defendant's "virtual representation" arguments and  provided six exceptions to the general rule when virtual representation might suffice to preclude a nonparty from relitigating certain claims or issues, as follows: 1) if the nonparty person agrees to be bound by the determination of issues; 2) if there are pre-existing substantive legal relationships between the person to be bound and a party to the judgment; 3) when a nonparty was adequately represented by someone with the same interest who was a party to the suit; 4) if the nonparty assumed control over the litigation in which the judgment was rendered; 5) if the nonparty is merely a proxy for the party and thus actually serves as a representative of the original party; and 6) in certain actions that through statutory schemes foreclose successive litigation. *Id.* at 2172-74.

In the case at bar, the Defendants are unable to demonstrate that Plaintiffs, who unarguably were not parties in the *Lamonica* action, fit into any of the "virtual representation" exceptions as set forth by the Supreme Court in *Sturgell.*   Under the facts of this case, the only one of the six exceptions that Defendants could reasonably assert that Plaintiffs fall into is the third exception, when a nonparty was adequately

represented by someone with the same interest who was a party to the prior suit. However, in *Sturgell*, the Court cited class actions and suits brought by trustees, guardians and other fiduciaries as examples that would satisfy this exception. *Id.* at 2173.  Neither of these situations is present in this case as Lamonica was not a class action and the plaintiffs clearly did not stand in any fiduciary capacity to the Plaintiffs in this case.  Moreover, while the list set forth by the Supreme Court in *Sturgell* is not exhaustive, even prior to the *Sturgell* decision, the Fifth Circuit made clear that a mere showing of parallel interests or even the use of  the same attorney in two suits was insufficient for "virtual representation" of a non-party in a prior suit for purposes of collateral estoppel. *Freeman v. Lester Coggins Trucking, Inc.*, 771 F. 2d 860, 864 (5th Cir. 1985).  Thus, Defendants have not demonstrated that plaintiffs in the *LaMonica* matter provided Plaintiffs herein, through virtual representation or otherwise, a full and fair opportunity to litigate the issue of Defendants' enterprise coverage under the FLSA.

The Defendants reliance on *Johnson v. United States*, 576 F.2d 606, 651 (5th Cir. 1978) for support of their position that the Plaintiffs herein are subject to collateral estoppel as their counsel is the same counsel that represented the plaintiffs in the *LaMonica* matter is misplaced.  In the Johnson case, the court held that while both parties need not have been parties to the prior litigation in order for collateral estoppel to apply, the court reiterated that the party against whom collateral estoppel is asserted must have had a fair and full opportunity to litigate the relevant issues in the prior proceeding.  *Id.* at 614. *See also,  Allen v. McCurry*, 101 S.Ct. 411, 414-15 (1980)(stating that mutuality of parties not necessary and holding that non-party may assert collateral estoppel "offensively" against party who had full and fair opportunity to litigate issue in earlier case). Nowhere in the *Johnson* opinion did the court suggest that a party who

10

was not a party in the prior proceeding received a fair and full opportunity to litigate the issues because the non-party was represented by the same counsel who represented other parties in that prior proceeding.  Further, as discussed above. the Supreme Court in *Sturgell* made clear that "virtual representation" of this nature only satisfies the due process requirements of collateral estoppel in certain situations, none of which are present in the instant case.  Simply put, Defendants have not satisfied the four prongs of collateral estoppel, and thus Plaintiffs are not estopped from litigating the issue of enterprise coverage under the FLSA for the Defendants in this matter.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 60] is DENIED.  It is further

**ORDERED AND ADJUDGED** the Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative for Protective Order [D.E. 64] is DENIED as MOOT.

**DONE AND ORDERED** in chambers in Miami, Florida, on January 2, 2009.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record**

**Defendant Edward Leiva, pro se**
**12605 NW 76th Street**
**Parkland, FL 33076**