UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22913-CIV-SIMONTON  (**CONSENT CASE**)

LUIS A. PALMA, *et al.*,

    Plaintiff,

v.

SAFE HURRICANE SHUTTERS, INC.,
a Florida corporation, *et al.*,

    Defendants.
_____/

**DEFENDANTS' MOTION TO STAY CASE UNTIL *LAMONICA* APPEAL IS DECIDED, OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT**

Defendants, Steve Heidelberger, Francis McCarroll, and Safe Hurricane Shutters, Inc. ("Defendants"), by and through their undersigned counsel, file this Motion to Stay Case Until *Lamonica* Appeal is Decided, and in support state:

**BACKGROUND**

The Plaintiffs filed a Complaint setting forth violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Plaintiffs seek back wages, liquidated damages, prejudgment interest, attorneys' fees, and litigation expenses. (*See generally, Complaint*).

The deadline to file motions for summary judgment is Monday, March 9, 2009.  There are outstanding Motions to Compel Depositions which pertain to the motion for summary judgment that the Defendants intend to file.  Those Motions have not yet been ruled upon.  If the Court allows the Defendants to depose the Plaintiffs, the Defendants would like to then utilize those depositions in a summary judgment motion.

Further, in a related case to this one, Judge Cohn decided one of the legal issues that will be the subject of Defendants' anticipated Motion for Summary Judgment.  *Lamonica v. Safe Hurricane*

*Shutters, Inc.*, 578 F. Supp. 2d 1363 (S.D. Fla. 2008). Recently, numerous courts have granted summary judgment on the issue of the failure of plaintiffs to prove that two or more employees of the defendant were engaged in interstate commerce, or had two or more employees who had handled goods or materials that had moved in interstate commerce. The most recent such ruling, making these opinions virtually ubiquitous, was from Judge Zloch on Thursday, January 29, 2009, in *Vallecillo v. Wall to Wall Residence Repairs, Inc.*, -- F. Supp. 2d --, 2009 WL 230080, Case No. 08-22271-CIV-ZLOCH (S.D. Fla., Jan. 30, 2009).

The Eleventh Circuit recently affirmed Judge Huck's ruling on this issue, *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 5250274 (11th Cir., Dec. 18, 2008), *aff'g Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 1777392, *5-6 (S.D. Fla., Apr. 17, 2008). Unfortunately, the Eleventh Circuit's opinion in *Sandoval* was a "non-published" opinion, and thus did not definitively resolve this issue. However, the case *Lamonica v. Safe Hurricane Shutters, Inc.*, 578 F. Supp. 2d 1363 (S.D. Fla. 2008) is fully briefed (and oral argument is scheduled for next month), and the cases of *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312 (S.D. Fla. 2008); *Polycarpe v. E & S Landscaping, Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla. 2008) are partially briefed, and will be fully briefed soon (the appellants reply brief is due in a few days). The Department of Labor has filed an *amicus curiae* brief in *Bien-Aime/Polycarpe*. Accordingly, it appears that soon we will have the definitive Eleventh Circuit ruling on this issue. Accordingly, pursuant to Rule 1 and the Court's inherent authority, Defendants seeks a stay of this case.

Alternatively, because the Defendants have filed Motions to Compel the Depositions of the Plaintiffs, the Defendants respectfully request that this Honorable Court stay the case pending the ruling from the Eleventh Circuit in *Lamonica* or one of the other cases, or alternatively, allow the Defendants to depose the Plaintiffs, and allow for a new deadline for filing summary judgment

2

motions, to be set a couple of weeks after the depositions are completed, to allow for time for transcription of the depositions.

## MEMORANDUM OF LAW

Defense counsel in *Saucedo v. Phoenix Auto Sales, Inc.*, Case No. 08-21156-CIV-ALTONAGA filed a motion to stay very similar to the Motion to Stay that was filed in this case, and sought the stay on the same ground, namely, the cost of the trial exceeds the amount of the potential recovery, that the Court should stay the case until the Eleventh Circuit decides the issue of whether a small, local business who does not perform any work outside the State of Florida or make any purchases from outside the State of Florida can be liable under the FLSA. This is on appeal in two cases, one of which has been fully briefed for some time (and oral argument has been set) and one which is partially briefed, which the Department of Labor had weighed in on. Judge Altonaga agreed to the stay the case, and administratively closed it, pending a ruling from the Eleventh Circuit. Her Order is attached hereto as Exhibit 1. Defendants believe having consistency in the Southern District of Florida concerning the issue presented in the Motion for Stay would be preferable.

Pursuant to Federal Rule of Civil Procedure 1, the Federal Rules "shall be construed to secure the just, speedy and inexpensive determination of every action." To this end, district courts must take an active role in managing the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (district courts must take an active role in the management of litigation, particularly discovery issues). As explained by the *Chudasama* court, the purposes behind the court's management role are the avoidance of unnecessary discovery costs, preservation of judicial resources and deterrence of discovery abuses.

> Although mechanisms for effective discovery are essential to the fairness of our system of litigation . . . they also carry significant costs. . . . Discovery imposes several costs on the litigant from whom discovery is sought….The party seeking discovery also bears costs . . . . Both parties incur costs related

3

> to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.
>
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scare judicial resources, and damage the integrity and the public's perception of the federal judicial system.
>
> In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim.

*Id.* at 1367-68 (footnotes omitted; citations omitted; emphasis added). *See also Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1381 n. 15 (11th Cir. 1998) (noting district court's entry of a discovery stay order pending disposition of pending motions); *Crayton v. Callahan*, 120 F.3d 1217, 1218 (11th Cir. 1997) (same); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (district court did not abuse its discretion in staying discovery pending defendant's motion to dismiss or for summary judgment); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (court possess broad discretion to stay discovery pending a decision on dispositive motions, though an abuse of discretion will be found when the staying of general discovery denies a party information relating to the dispositive motion); *Allstate Life Ins. Co. v. The Estate of Miller*, 2004 WL 141698, *1 (S.D. Fla. 2004) (same); *Hovermale v. School Bd. of Hillsborough County Florida*, 128 F.R.D. 287, 288-289 (M.D. Fla. 1989) (a stay of discovery may be proper if the discovery sought does not hinder the ability of a party to defend against the dispositive motion).

*Chudasama* is consistent with decisions of other circuits initially limiting discovery to dispositive or threshold issues. *See e.g. Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.

4

1976) (by limiting discovery, trial court avoided "putting the parties to the expense of conducting broad discovery on al issues raised in the complaint" while what would be potentially dispositive motion was pending). As the Fifth Circuit stated in *Corwin v. Marney, Orton Invs.,* 834 F.2d 194, 200 (5th Cir. 1988), "[i]t would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach trial because of the expiration of a limitations period."[1]  Here, while the dispute is not discovery, but trial, which is sure to cost considerable time and money, the same reasoning is applicable.  The trial costs and fees will greatly exceed the few dollars of overtime that are allegedly at stake.  For this reason, this case should be stayed.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion should be granted.

## CERTIFICATE OF CONFERRAL

The Defendants have written Plaintiffs' counsel concerning the filing of this Motion and Plaintiffs object to the relief sought.

---

[1] *See also Ingram Corp. v. J. Ray McDermott & Co., Inc,* 698 F.2d 1295, 1304 n. 13 (5th Cir. 1983) (noting that "[a] decision to prevent unnecessary discovery because the case could well be decided on the parties' motion is not, on its face, fundamentally unfair to a party desiring discovery"); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987)*; City of Springfield v. Washington Pub. Power Supply Sys.*, 752 F.2d 1423, 1427 (9th Cir. 1985); *Hilton v. W.T. Grant Co.*, 212 F. Supp. 126, 130 (W.D. Pa. 1962) ("if there is reason to believe. . . . the action may be dismissed . . . it will be unreasonable to require [the defendant] to undergo the burden of answering interrogatories until its status as a defendant is determined"); *Waldman v. Carey,* 82 F.R.D. 469, 471 (E.D. Pa. 1979) (staying discovery pending disposition of motions to dismiss)*; United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 1987 WL 18172, *4 (E.D. N.Y. 1987) (staying discovery pending decision on planned motion to dismiss)*.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 5, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (J.H. Zidell, Esq., City National Bank Building, 300 71st Street, Suite #605, Miami Beach, Florida 33141) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> Glasser, Boreth & Kleppin
> Attorneys for Plaintiff
> 8751 W. Broward Blvd.
> Suite 105
> Plantation, FL 33324
> Tel.  (954) 424-1933
> Fax  (954) 474-7405
> E-mail:  Glabor@aol.com
>
> By__s/Chris Kleppin_____
> Chris Kleppin
> Fla. Bar No. 625485

C:/MyDocuments/SafeHurricane-Palma/DefMforStay03/05/09