**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-22913-CIV-HUCK/SIMONTON**
<u>CONSENT CASE</u>

**LUIS A. PALMA, et al.,**

      **Plaintiffs,**

**v.**

**SAFE HURRICANE SHUTTERS, INC., et al.,**

      **Defendants.**

_____/

<u>ORDER ON PENDING DISCOVERY MOTIONS AND</u>
<u>SETTING NEW DEADLINES TO COMPLETE DISCOVERY</u>

      This matter is before the Court upon three discovery motions related to the scheduling and taking of depositions of both the Plaintiffs and Defendants, as follows: Plaintiffs' Motion for Protective Order (DE# 77); Defendants' Motion to Compel the Depositions of Plaintiffs (DE# 80) and Defendants' Motion for Protective Order (DE# 81). Those Motions are fully briefed and ripe for adjudication.

      I.      <u>BACKGROUND</u>

      Luis Palma, Roberto Sanso, Fernando Acuna, Yerko Aguirre, Rolando Ibacache, Armando Catalan and Gabriel Antinao filed a lawsuit requesting relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  According to their Amended Complaint, Plaintiffs worked for Defendant, Safe Hurricane Shutters, Inc., without being paid at all for weeks at a time and without being paid overtime wages for the hours that they worked in excess of forty hours per week [D.E. 17]. The Amended Complaint added Edward Leiva, Steve Heidelberger and Francis McCarroll as Defendants, based upon the allegation that they are the corporate officers, owners and/or managers responsible for running the day-to-day operations of Safe Hurricane Shutters, Inc.; and, that they were

responsible for paying Plaintiffs' wages.  The Amended Complaint alleges, *inter alia*, that the Defendants' business and each Plaintiff's work for the Defendant affected interstate commerce and thus subject Defendants' business activities to the FLSA.

On April 25, 2008, the undersigned issued a Scheduling Order for this matter setting the trial date for June 22, 2009, the pretrial conference for June 8, 2008, the discovery deadline date for February 2, 2009 and the dispositive motion deadline date for March 16, 2009 (DE# 46).[1]

On July 31, 2008, this Court entered an Order of default judgment against Defendant Leiva for failing respond to the Court's Order to Show Cause for his failure to appear at the status and scheduling conference in this matter (DE #58).

On September 23, 2008, Defendants filed a Motion for Dismiss for Lack of Jurisdiction (DE # 60), the Plaintiffs timely responded to the Motion to Dismiss and on October 9, 2008, Defendants filed a reply to the Plaintiffs' Response (DE# 63).

On October 22, 2008, Defendants' filed a Motion to Stay the matter (DE# 64), Plaintiffs again filed a timely response in opposition to the Motion and on October 30, 2008, Defendants filed a Reply to Plaintiffs' Response (DE# 66).

On November 21, 2008, and December 16, 17 and 29, 2008, Defendant filed supplemental materials in support of its Motion to Dismiss (DE #s 70, 73, 74, 75).  On January 2, 2009, the Court entered an Order denying the Defendants' Motion to Dismiss and Denying as Moot Defendants' Motion to Stay (DE# 76).

On January 20, 2009, Plaintiffs filed a Motion for Protective Order seeking to

---

[1] The Scheduling Order set the deadline date for March 15, 2009, however, that date is a Sunday, thus the correct due date for dispositive motions is Monday, March 16, 2009.  Also, due to a calendar conflict the date of the Pretrial Conference was rescheduled to June 5, 2009. (DE# 72)  The change in date does not affect the rulings in this Order.

prevent the Defendants from taking the depositions of Plaintiffs scheduled for January 21 and 23, 2009 (DE# 77). Defendants filed a Response in opposition (DE# 79) and Plaintiffs filed a Reply (DE # 82).

On January 21, 2009, the undersigned entered a paperless Order staying all depositions scheduled for the Plaintiffs until the Court ruled on Plaintiff's Motion for Protective Order (DE# 78).

On January 22, Defendants filed a Motion to Compel Depositions of the Plaintiffs (DE# 80).  Plaintiffs filed a Response in Opposition (DE# 83) and Defendants filed a reply (DE# 86). On January 27, 2009, Defendants filed a Motion for Protective Order regarding depositions set for Steve Heidelberger and Francis McCarroll scheduled for January 29 and 30, 2009 (DE #81) Plaintiffs filed a Response in Opposition (DE #84) and Defendants filed a Reply (DE #85).

On March 5, 2009 Defendants filed a Motion to Stay the Case pending the resolution of another FLSA case on appeal before the Eleventh Circuit (DE# 87). Plaintiffs timely filed a Response in Opposition to the Motion (DE #90).  Defendant has not yet filed a Reply and the time for filing has not yet expired.

On March 9, 2009, Defendants filed a Motion for Summary Judgment (DE # 88). On the same day, Defendant Edward Leiva filed a joinder in Defendants' Motion for Summary Judgment (DE# 89).[2]

---

[2]  The undersigned notes that a default judgment as to liability has been entered against Defendant Edward Leiva, and therefore he may not join the existing motions.  If Defendant Leiva seeks relief from the default judgment, he must file an appropriate motion.  In addition, counsel who does not represent Defendant Leiva may not file papers electronically for him.

## II. ANALYSIS

### A.    Plaintiffs' Motion for Protective Order (DE #77)

Plaintiffs filed a Motion for Protective Order seeking to prevent Plaintiffs' Depositions scheduled by Defendants for January 21 and 23, 2009 from going forward on those dates.  According to Plaintiffs' Motion, Counsel for the Defendant did not request to take the depositions of the Plaintiffs until January 14, 2009 and faxed the notices of depositions prior to Plaintiffs' Counsel's consenting to the requested dates and despite the  fact that Plaintiffs' Counsel indicated that Counsel was not available for the requested dates.  Plaintiffs' Counsel states that he offered the alternative dates of January 29 or 30 for the depositions to be conducted at Plaintiffs' Counsel's office and also informed Defendants' Counsel that two of the Plaintiffs, Fernando Acuna and Armando Catalan, would have to have their depositions conducted telephonically as they would not be in South Florida during those dates nor prior to the close of discovery. Plaintiffs' Counsel asserts that due to the economy, Plaintiffs Gabriel Antinao and Fernando Acuna have moved to New York and New Jersey, respectively, to find work. Similarly, Counsel states that Plaintiff Luis Palma is currently in Chile.

Plaintiffs' Counsel also indicates that he has had difficulty in contacting Plaintiffs Roberto Sanso and Rolando Ibachache and that the only Plaintiff that currently resides in South Florida is Yerko Aguire.  According to the Motion, Defendants' Counsel would not agree to the depositions being conducted at Plaintiffs' Counsel's office.  Also, Plaintiffs' Counsel noted that in a prior case Counsel agreed to depose the Defendants via telephone, and further that the Court granted the motion of the plaintiffs in that case to be deposed telephonically due to economic hardship.

In Response to Plaintiffs' Motion for Protective Order, Defendants argue that, in

4

an effort to minimize attorneys' fees and costs, they did not request to take the depositions of the Plaintiffs until after this Court ruled on Defendants' Motion to Dismiss and Motion to Stay (DE# 79).  Defendants also assert that they complied with the Local Rules in setting the Plaintiffs' depositions more than five business days from the date of notice and state that they were willing to accommodate the Plaintiffs with alternative dates for the depositions but insisted that the depositions be taken at Defendants' Counsel's office and that they be conducted in person.

Defendants argue that taking the depositions of certain Plaintiffs by telephone is problematic due to: 1) costs associate with telephonic depositions, which according to Defendants, Plaintiffs refuse to pay; 2) the inability of Defense Counsel to gauge the demeanor of the Plaintiffs in person during the depositions; 3) the length of time a telephonic deposition takes compared to an in person deposition; 4) the logistical problems of having an interpreter and court reporter in one location and a deponent in another; and 5) the difficulties in having to "track down" court reporters and interpreters in a foreign jurisdiction, e.g., Chile.  Finally, Defendants argue that Plaintiffs have failed to meet their burden in order to obtain a protective order since Plaintiffs have not demonstrated that Plaintiffs' costs in traveling to Miami for their depositions outweighs the costs for the Defendants in having to travel to take the deposition or the charges for a telephonic deposition, and further have not shown that the costs associated with travel for the Plaintiffs is significant enough to override the general rule that a plaintiff must appear for its deposition in the judicial district where the suit is filed.

In their Reply, Plaintiffs counter that Defendants should have requested the depositions of the Plaintiffs earlier and further assert that the issue of costs related to the telephonic depositions had not been discussed between the Parties.  Finally,

Plaintiffs argue that the Defendants should be barred from taking the Plaintiffs

depositions based on their conduct in scheduling the depositions at issue.

Motions for protective orders during discovery are governed by Federal Rule of

Civil Procedure 26(c) which provides:

(c) Protective Orders.

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
...
(B) specifying terms, including time and place, for the disclosure or discovery;

Fed.R.Civ.P. 26(c) (2008).  Although ordinarily, a defendant is entitled to depose a

plaintiff in the forum where the case is pending, Rule 26 authorizes the Court to order

that a plaintiff's deposition be taken in a different location, or by alternative means, if

justice so requires. See Fed.R.Civ.P. 26(c)(2). *Trinos v. Quality Staffing Services Corp.*,

250 F.R.D. 696 (S.D. Fla. 2008)(citations omitted).  Thus, if a plaintiff demonstrates

hardship or burden that outweighs any prejudice to the defendant, the general rule

requiring a plaintiff to appear for deposition in the forum "may yield to the exigencies of

the particular case.*"  Luna v. Del Monte fresh Produce (Southeast), Inc.*, 2007 WL

1500269 *2 (May 18, 2007 N.D. Ga.)Citing *Abdullah v. Sheridan Square Press, Inc.*, 154

F.R.D. 591, 592 (S.D.N.Y. 1994)

In this case, the Plaintiffs have alleged that at least two of the Plaintiffs, Gabriel

Antinao and Fernando Acuna, have had a difficult time finding employment in recent

months due to the economy and have moved out of this jurisdiction in order to find suitable work.  Although it is unclear whether Luis Palma moved to Chile for financial considerations, it is not disputed that he is no longer in this jurisdiction.  Thus, it appears for those three Plaintiffs that having to travel to Miami for a deposition in this case would subject to them to undue expense.  Accordingly, the Court finds that those three Plaintiffs have shown good cause why they should not have to attend their depositions in person in this jurisdiction due to undue economic hardship.  In addition, Plaintiffs' counsel has indicated that those Plaintiffs will be made available by telephonic deposition and the Court finds no reason why telephonic depositions cannot be conducted in this matter.

The Defendants argue that there are problems associated with taking the telephonic depositions of the Plaintiffs, as set out more fully above.  However, for the following reasons the Defendants' arguments are unavailing.  First, as to the expense of the telephonic depositions, the Plaintiffs have indicated that costs were never discussed and Plaintiffs have not indicated that they are unwilling to pay for the costs associated with conducting telephonic depositions.  In addition, while it is true that the Defendants will not be able to see the Plaintiffs while they are being deposed, this factor does not outweigh the financial burden placed on the three Plaintiffs in having to travel to Southern Florida from New York, New Jersey and Chile.  Moreover, opposing counsel's opportunity to observe the demeanor of a witness has relatively little significance during the discovery process, and presumably defense counsel had the ability to observe their demeanor during the mediation which was held on November 25, 2008.[3]  Further, as to

---

[3] If Defendants believe that observation of the demeanor of the Plaintiffs is critical, Defendants may take videotaped depositions at Defendants' expense.

Defendants' contention that the depositions will take significantly longer because the identification of documents may be cumbersome with the attorney in a different room than the deponent, the Court finds that this argument carries little weight particularly in an FLSA case which typically is not document intensive.  Finally, the other inconveniences cited by the Defendants are negligible and could occur at any deposition whether held in person or telephonically.  In short, Defendant has failed to show that it will suffer any significant prejudice by the depositions being conducted telephonically, and certainly have not shown that any prejudice outweighs the hardship to the Plaintiffs.  Thus, in the interests of justice, the Court will allow the depositions of the three identified Plaintiffs, Fernando Acuma, Armando Catalan and Gabriel Antinao to proceed telephonically.  If other Plaintiffs also reside outside of this district and it would present an undue hardship for them to travel for their depositions to this district, the Court will permit their depositions to be conducted telephonically.

Accordingly, based upon the Parties' submissions, the facts of the instant matter and a review of the record as a whole, the Plaintiffs' Motion for Protective Order (DE # 77) is Granted, in part, and Denied, as moot, in part.  To the extent that the Plaintiffs seek a protective order for Plaintiffs' depositions scheduled for January 21 and 23, 2009,  the Motion is denied, as moot since this Court entered an Order staying all of the depositions scheduled for the Plaintiffs, including those scheduled on January 21 and 23, 2009, until this Court ruled on the instant Motion for Protective Order and thus the dates for the scheduled depositions has passed.  However, to the extent that the Plaintiffs seek to have the depositions of certain Plaintiffs conducted telephonically, the Motion is Granted.  The Plaintiffs who no longer reside in this jurisdiction may appear telephonically at their depositions.  If a Plaintiff appears telephonically at his/her

deposition, the Plaintiff shall bear any extra costs associated with the deposition including costs for a notary at the location where the Plaintiff is sitting for the deposition, as well as all phone charges.  Defendants however shall pay for a local court reporter and an interpreter.  The depositions shall be scheduled in accordance with the dates and procedures set forth below in the Conclusion of this Order.

B.      Defendants' Motion to Compel the Depositions of Plaintiffs (DE #80)

Defendants' have filed a Motion seeking to Compel the Depositions of the Plaintiffs raising the same arguments that Defendants raised in their Opposition to Plaintiffs' Motion for Protective Order.  In the Motion to Compel, Defendants request that the Plaintiffs be required to appear for their depositions in person rather than telephonically in order that Defendants are able to observe the demeanor of the Plaintiffs.

Plaintiffs similarly have responded with the same arguments raised in their Motion for Protective Order.  In addition, Plaintiffs have alleged that the Defendants' Motion to Compel has "unreasonably and vexatiously" multiplied the proceedings in this case.

Although this Court entered a stay of the Plaintiffs' depositions prior to the Defendants' filing a Motion to Compel, the undersigned finds that given the unnecessarily contentious nature of discovery, including Plaintiffs' alleged refusal to agree to an extension of the discovery deadline and to allow the depositions to proceed at the Defendants' Counsel's offices, that the Defendants' Motion to Compel did not unreasonably multiply the proceedings in this case.

Thus, for the same reasons set forth above, the Defendants' Motion to Compel is granted, in part and denied, in part.  The Plaintiffs shall make themselves available for

the depositions scheduled at a mutually agreeable time.  Those Plaintiffs appearing in person for their depositions shall be deposed at Defendant Counsel's offices.  The depositions of those Plaintiffs who are no longer residing in this district, as identified above, shall be conducted by telephone with the persons in this district, e.g. court reporter, Plaintiffs' counsel; appearing at the Defendants' Counsel's offices.

     **C.**    <u>**Defendants' Motion for Protective Order (DE# 81)**</u>

Defendants have also filed a Motion for Protective Order seeking to prevent the depositions of Steve Heidelberger and Francis McCarroll from proceeding on January 30, 2009, a date allegedly set unilaterally by the Plaintiffs.  Defendants maintain that Counsel for the Defendants was not available for the depositions on those dates and requested Plaintiffs' Counsel to move the dates until February but Plaintiffs' Counsel refused. Defendants argue that the Plaintiffs violated the Local Rules of this Court by setting the depositions unilaterally and therefore Defendants are entitled to a protective order preventing the Plaintiffs from seeking to take those depositions.

Plaintiffs have responded to the Motion for Protective Order by asserting that they did not know that Counsel for the Defendant was unavailable and further by denying that they failed to follow the Local Rules as Plaintiffs' Counsel made efforts to confer with Defendants' Counsel prior to scheduling the depositions.  Plaintiffs assert that they refused to cancel the depositions due to insufficient time to reschedule the deposition before the discovery cut-off and argue that the Defendants have failed to offer reasons why the depositions could not proceed as scheduled.

The Defendants have not raised any other grounds for not allowing the depositions of Francis McCarroll and Steve Heidelberger to proceed, rather have only objected to the unilateral scheduling of the depositions.  Thus, given that the dates for

the depositions have passed and in light of the Court extending the time for discovery to be completed, as set forth below, the Defendants' Motion for Protective Order is denied as moot.  The Defendant shall produce Francis McCarroll and Steve Heidelberger for deposition in accordance with the procedures set forth below.

III.    <u>CONCLUSION</u>

Given the foregoing discovery disputes between the Parties and the facts of this case, the undersigned has determined that it is appropriate to extend the discovery deadline.  Therefore, all discovery shall be completed by Friday, April 10, 2009.  To this end, by March 17, 2009, the Parties shall filed a Joint Notice of Deposition Schedule setting forth the agreed upon dates and times of the depositions of the Plaintiffs in this action as well as Defendants Steve Heidelberger and Francis McCarroll.  If the Parties do not reach mutually agreeable dates, each Party must submit to the Court a notice setting forth availability for every day for respective counsel and each deponent, and reasons for the dates of unavailability between March 17, 2009 and April 10, 2009.  The Court will then unilaterally set the dates and times for the depositions of the Plaintiffs and/or named Defendants.[4]

All other dates shall remain as scheduled pursuant to this Court's April 25, 2008 Scheduling Order (DE #46), except the Pretrial Conference which was previously rescheduled for Friday, June 5, 2009, at 2:00 p.m.

Therefore, it is hereby

**ORDERED AND ADJUDGED** Plaintiffs' Motion for Protective Order (DE# 77)

---

[4] The Court is disappointed with the conduct of counsel in this matter regarding the inability to agree on the scheduling of depositions of Parties and to work cooperatively in conducting discovery.  The Court cautions counsel for the Parties that they are bound by professional and ethical rules of conduct that must be adhered to during the zealous representation of their clients.

and Defendants' Motion to Compel the Depositions of Plaintiffs (DE# 80) are GRANTED,

in part, and DENIED, in part.  It is further

**ORDERED AND ADJUDGED** that Defendants' Motion for Protective Order (DE#

81) is DENIED, as moot.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 12th, 2009.


*Andrea M. Simonton*

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**


**Copies furnished to:**
All counsel of record

**Defendant Edward Leiva, pro se**
**12605 NW 76th Street**
**Parkland, FL 33076**