UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-22913-CIV-SIMONTON

YERKO AGUIRRE,
et al.,

    Plaintiffs,

v.

SAFE HURRICANE SHUTTERS, INC.,
et al.,

    Defendants.
_____/

## ORDER ON REQUESTED INSTRUCTION REGARDING
## NUMBER OF EMPLOYEES ENGAGED IN COMMERCE

During the preliminary conference regarding jury instructions, held on October 28, 2011, the Defendants requested the Court to instruct the jury that the owners and managers of a company do not count as employees for the purposes of determining whether the interstate commerce element of jurisdiction under the FLSA has been satisfied.  Neither side has briefed this issue, and neither side could point to any case which directly ruled on the issue.  Counsel for the Defendants suggested that the Court in *Williams v. Signature Pools, Inc.*, Case No. 08-22388-CIV-UNGARO, DE # 33 (S.D. Fla. 2009), had discussed this issue favorably to their position; however, a review of that case reflects that the issue was mentioned only in passing.

During the charge conference, the undersigned stated her intention to give the instruction requested by the Defendants.  However, upon conducting independent research and reviewing the definitions contained in 29 U.S.C. § 203, the undersigned concludes that owners and managers may, under certain circumstances, be included within the meaning of "employee" for the purposes of this test.  The term "employee" is

defined in this statute as "any individual employed by an employer." The term "employ" is defined as "to suffer or permit to work." Thus, it appears from this language that if an owner or manager performs work, that person fits within the definition of employee.

This interpretation is reinforced by examining other subsections of the statute. The statute contains various exceptions to the otherwise all encompassing definition of who may be considered an employee within the meaning of the FLSA, and which entities are covered by the FLSA. For present purposes, however, the significant exception which lends support to the inclusion of owners and managers as "employees" is contained in 29 U.S.C. § 203(s)(2), that directly concerns which enterprises are considered to be engaged in commerce. It provides, in pertinent part:

> (2) Any establishment that has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or part of such an enterprise.

This statutory provision expressly describes the situation where an owner is an "employee," and would make no sense if the owner of the establishment could never be considered to be an employee. If an owner can be an employee, then logically, a manager can also be considered an employee for purposes of satisfying the interstate commerce element of jurisdiction.

Moreover, the undersigned notes that Section 12b01 of the Department of Labor Field Operations Handbook (6/22/90 ed., Rev. 581) specifically notes that where an enterprise has some employees engaged in commerce or in producing goods for commerce, it is not necessary that two or more employees be individually covered, and that exempt employees are counted for purposes of satisfying the commerce element.

In reaching that result, the undersigned has considered *Scarfo v. Ginsberg*, 175

F.3d 957 (11th Cir. 1999), upon which Defendants placed heavy reliance at the hearing. Aside from the fact that *Scarfo* was not decided under the FLSA, and thus did not concern the definition of employee for the purpose of establishing jurisdiction in this context, there is nothing in the *Scarfo* opinion that indicates an owner can <u>never</u> be considered an employee.

Therefore, the undersigned declines to give the requested instruction.

**DONE AND ORDERED** in chambers in Miami, Florida, this 29th day of October, 2011.

*Andrea M. Simonton*  
ANDREA M. SIMONTON  
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
All counsel of record