UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-22913-CIV-SIMONTON

YERKO AGUIRRE,
et al.,

    Plaintiffs,

v.

SAFE HURRICANE SHUTTERS, INC.,
et al.,

    Defendants.
_____/

ORDER ON REQUESTED INSTRUCTION REGARDING
DEFENDANTS' PROPOSED INSTRUCTION REGARDING "GOODS"

During the preliminary conference regarding jury instructions, held on October 28, 2011, the Defendants requested the Court to instruct the jury, with respect to the commerce element of enterprise jurisdiction, that, "'Goods' are products and supplies, but not those products and supplies that are purchased locally, such as from a retailer or wholesaler.  Thus, even if their origin is out of state, it does not matter for purposes of whether the Plaintiffs can prove this element."

Defendants contend that this instruction is consistent with the decision of the Eleventh Circuit Court of Appeals in *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010); Plaintiffs disagree.  For the reasons stated below, the undersigned concludes that the instruction proposed by the Defendants does not accurately reflect the law, and therefore it will not be given.

The following excerpt from the opinion of the Eleventh Circuit in *Polycarpe* demonstrates that the interstate commerce element is satisfied if the employees handle locally purchased goods or materials, if those goods or materials previously moved in

interstate commerce:

>The handling clause only pertains to "goods or materials *that have been moved in or produced for commerce by any person*." *Id.* § 203(s)(1)(A)(I) (emphasis added). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication *among the several States or between any State and any place outside thereof*." Id. § 203(b) (emphasis added). The plain meaning of the handling clause is that it only applies to "goods" or "materials" that have been subject to *interstate* commerce.

>An erroneous view of FLSA enterprise coverage-one that hangs on what is called the "coming to rest" doctrine-is at odds with this statutory text. The "coming to rest" doctrine is the belief that interstate goods or materials can lose their interstate quality if the items have already come to rest within a state before intrastate purchase by a business. *See Donovan v. Scoles*, 652 F.2d 16, 18 (9th Cir.1981) (stating that this doctrine was appropriate when FLSA coverage depended not on enterprise coverage, but only on individual coverage: employees who were "engaged in commerce or the production of goods for commerce") (internal quotation marks omitted).

>Binding precedent rejects this doctrine in the enterprise coverage context as based on an incorrect reading of the amended FLSA. " '[T]he legislation was designed to regulate enterprises dealing in articles *acquired intrastate* after travel in interstate commerce.' " *Brennan v. Greene's Propane Gas Serv., Inc*., 479 F.2d 1027, 1030 (5th Cir.1973) (quoting *Schultz v. Kip's Big Boy, Inc*., 431 F.2d 530, 533 (5th Cir.1970)). *See also* 29 C.F.R. § 779.242 (stating that it is "immaterial ... that the goods may have 'come to rest' ").

>The plain language of the statute compels this conclusion. Defendants fall under enterprise coverage if they have "employees handling, selling, or otherwise working on goods or materials that *have been* moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(I) (emphasis added). "The tense is in the past. There is no requirement of continuity in the present." *Brennan*, 479 F.2d at 1031. So, if a district court, ruling for a Defendant, applied the "coming to rest" doctrine-for instance, by looking at where Defendant bought an item instead of where an item was produced, we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved.

**616 F.3d at 1221.**

The only circumstance under which items that would otherwise be considered "goods" and were produced out-of-state cannot be used to satisfy the commerce element is contained in the definition of goods set forth in 29 U.S.C. § 203(I), which excludes "goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof."  As explained by the Court in *Polycarpe*, this exclusion, which is known as the ultimate-consumer exception, provides that "if the employer were the ultimate consumer of all of its "goods" that were moved in or produced for interstate commerce, and if the employer were not a 'producer, manufacturer, or processor' of those 'goods,' the FLSA would not apply to that employer."  *Id.* at 1222.

The Court in *Polycarpe* recognized that it was important to distinguish between "goods" and "materials" since the ultimate consumer exception did not apply to materials, which it defined as "tools or other articles necessary for doing or making something." *Id.* at 1224.  In this regard, the Court pointed out that the same item could constitute either "goods" or "materials," depending on how it was used in the particular business.  For example, china dinner plates would be considered "materials" when used by a catering business at a banquet, but would be "goods" when sold by a department store as stand-alone items.  Moreover, the Court noted that if the china plates were used as objects of decoration mounted on the lobby wall of an accounting firm, they would be "goods" rather than materials because their use does not have a significant connection to the commercial activity of the accounting firm; and, they would likely be subject to the ultimate-consumer exception since the accounting firm is the items' ultimate consumer. *Id.* at 1226 & n. 9.

**Applying the above principles, the instruction requested by the Defendants is erroneous because it would exclude from consideration all goods which had been purchased locally, despite the fact that they were manufactured out of state. There is no evidence or argument in this case regarding the applicability of the ultimate consumer doctrine, which is the only circumstance under which goods produced out-of-state cannot be used to satisfy this element.**

**Therefore, the undersigned declines to give the requested instruction, and counsel may not argue that goods purchased locally cannot be used to satisfy this element.[1]**

**DONE AND ORDERED in chambers in Miami, Florida, this 29th day of October, 2011.**

*Andrea M. Simonton*
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:
All counsel of record**

---

[1] **If, of course, during the trial there is evidence that the Defendants were the ultimate consumers of goods which Plaintiffs contend should be used to satisfy this element, the parties can propose an instruction regarding the ultimate consumer exception.**