UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22913-CIV-SIMONTON

LUIS A. PALMA, et al.,

    Plaintiffs,

v.

SAFE HURRICANE SHUTTERS, INC., et al.,

    Defendants.
_____/

ORDER GRANTING DEFENDANTS'
BILL OF COSTS, IN PART

This matter is before the Court upon Defendants' Bill of Costs (DE # 204). The Defendants have filed a memorandum in support of their request for costs (DE # 205), the Plaintiffs have filed a Response in Opposition (DE # 206), and the Defendants have filed a Reply (DE # 207). For the reasons stated below, the Defendants' are awarded costs in the amount of $9,534.56, jointly and severally against the Plaintiffs.

    I.    <u>BACKGROUND</u>

Luis Palma, Roberto Sanso, Fernando Acuna, Yerko Aguirre, Rolando Ibacache, Armando Catalan and Gabriel Antinao initially filed this lawsuit against Safe Hurricane Shutters, Inc., and Edward Leiva, seeking relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, for minimum wage and overtime violations. Subsequently, they filed an Amended Complaint that added Steve Heidelberger and Francis McCarroll as Defendants as corporate officers, owners and/or managers responsible for running the day-to-day operations of Safe Hurricane Shutters, Inc. (DE # 17).

After a six-day jury trial, on November 4, 2011, the jury returned a verdict, finding

that Plaintiffs Yerko Aguirre, Rolando Ibacache, Armando Catalan and Gabriel Antinao had not proved that Defendant Safe Hurricane Shutters, Inc. was an enterprise engaged in commerce; and, that the above-named Plaintiffs had not proved that the Defendant Safe Hurricane Shutters, Inc. had failed to pay minimum wages or overtime pay as required by law (DE # 199).[1]  On that same date, the Court entered final judgment on the merits in favor of Defendants Safe Hurricane Shutters, Inc., Edward Leiva, Steve Heidelberger, and Francis McCarroll (DE # 200).  The Defendants thereafter filed the instant Bill of Costs (DE # 204).

    II.       **DEFENDANTS' BILL OF COSTS**

The Defendants have filed a Bill of Costs pursuant to Federal Rule of Procedure 54(d) (1), Local Rule 7.3 and 28 U.S.C. § 1920 seeking to recover total costs of $9,604.58 which were incurred in defending this matter (DE # 204).  Specifically, the Defendants seek to recover costs for fees for Service of Summons and Subpoenas in the amount of $535.00; Fees for deposition transcripts in the amounts of $5,685.28, Fees for witnesses in the amount of $135.00; Fees for copying materials in the amount of $2,671.78, and costs for interpreters in the amount of $577.50 (DE # 204).  The Defendants have also requested that they be awarded interest on the award of costs from the date of the entry of Final Judgment on November 4, 2011 (DE # 205 at 10).  In support of their request for costs, the Defendants have submitted copies of the receipts of the expenses incurred (DE # 204 at 3-38).  In addition, the Defendants have submitted a Memorandum of Law which describes the nature of the costs sought to be recover and the reasons that those

---

[1] Prior to trial, the Court granted the Defendants' motion to involuntarily dismiss Plaintiffs Luis A. Palma, Roberto Sanso and Fernando Acuna from this action based upon Plaintiff Counsel's representation that those Plaintiff would not appear at trial (DE # 178).

costs were incurred (DE # 205).

In Response, the Plaintiffs have objected to the Defendants' Motion on several grounds (DE # 206).  First, the Plaintiffs object to the Defendants' request for any "Rush" subpoenas contending that the Defendants should only be entitled to recover the costs associated with issuing regular subpoenas.  Second, the Plaintiffs object to the "late fee" associated with depositions of Defendants Heidelberger and McCarroll, and one witness, Mr. Paguaga.  The Plaintiffs further object to the Defendants' request for copies contending that the Defendants have failed to demonstrate that the copies were necessary for defending this action.  Finally, the Plaintiffs request that the Court order that any costs awarded by taxed pro rata and not jointly severally.

In Reply, the Defendants specifically respond to each of the objections raised by the Plaintiffs.  First, the Defendants explain that the costs incurred for the "Rush" subpoenas are not greater based upon the "Rush" designation but are based upon the amount of time the process server had to spend and the out of pocket expenses the process server incurred.

Second, the Defendants contend that they have sufficiently described the subject of the copies for which they seek to recover costs, and further assert that other Courts have accepted the method in which the Defendants track and identify the copies made for a particular case.  As such, the Defendants contend that this Court should also award costs based upon that same methodology.  Also, the Defendants contend that if the Court sustains the Plaintiffs' objection to the sufficiency of the Defendants' copy records the Defendants would, in essence, be required to submit excessive details on every single copy that was made, which would violate Rule 1 of the Federal Rules of Civil Procedure which requires that the rule should be construed in a manner to secure the

speedy and inexpensive determination of actions.

Third, the Defendants contend that the "Late Fee" associated with the depositions should be recoverable because the Defendants were "out all of the money" and "could not pay the bill at a certain time." (DE # 207 at 2).

Finally, the Defendants assert that the costs should be assessed jointly and severally against the Plaintiffs, rather than in a pro rata share.  The Defendants point to the ruling in *Lamonica v. Safe Hurricane Shutters*, 2009 WL 8006587 (S.D. Fla. March 19, 2009), a nearly identical FLSA action which involved the same Defendants as those herein, in which the Court denied the Plaintiffs' request that the costs be taxed on a pro rata basis rather than jointly and severally, for support of their position.

### III.  LEGAL ANALYSIS

#### A.  Introduction

As stated above the Defendants have sought to recover their costs pursuant to Federal Rule of Civil Procedure 54 (d) (1) which provides that costs, other than attorney's fees, should be allowed to the prevailing party.  In addition, Title 28, United States Code, Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the

>    case;
>
>    (5) Docket fees under section 1923 of [Title 28];
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].

28 U.S.C.A. § 1920 (West 2012).  In this matter, Plaintiffs do not dispute that the Defendants are entitled to an award of costs as the prevailing party.  In addition, the Plaintiffs do not object to the Defendants' request to recover their costs for the services of interpreters totaling $577.50. Thus is it undisputed that the interpreter costs were necessary for use in this case and are statutorily authorized under 28 U.S.C. § 1920. Therefore, the Defendants are entitled to recover their costs incurred for interpreter services in the amount of $577.50.

The Plaintiffs do however object to the other costs sought by the Defendants, as follows:

> **B.    Fees for Service of Subpoenas and "Rush" Subpoenas**

The Defendants request that they be reimbursed $670.00 for costs incurred in Service of Process and issuing subpoenas to witnesses in this matter.  Specifically, the Defendants seek $535.00 for fees for service of summons and subpoenas and seek $135.00 for fees in serving trial subpoenas on three witnesses (DE # 204 at 2).  The Plaintiffs have objected to the Defendants' request only to the extent that the Defendants request to be reimbursed for subpoenas that were issued on a "Rush" basis.  As stated above, the Defendants contend that the amounts charged for the subpoenas are not based upon the "Rush" designation but rather are based upon the amount of time that the process server had to spend effecting service and the out of pocket expenses the

5

process server incurred.[2]  The Plaintiffs have not disputed this assertion.  The undersigned therefore concludes that, pursuant to § 1920, the Defendants are entitled to recover the costs spent in issuing subpoenas to witnesses in this matter, including those subpoenas issued as "Rush" subpoenas.  Therefore, the Defendants will be awarded $670.00 in costs for service of subpoenas and witness fees.[3]

      C.      <u>Photocopying Expenses</u>

The Defendants request that they be reimbursed for $2,671.78 in photocopy costs. The Plaintiffs have objected to the Defendants' request based on the Plaintiffs' assertion that the Defendants have not satisfied their burden of showing that the photocopies were necessarily obtained for use in this case.

---

[2]  The undersigned notes that it appears that two of the subpoenas that are designated as "Rush" may have been charged a higher rate based upon that designation.  This observation is based upon the $25.00 difference in charges billed for those "Rush" subpoenas that were served at the exact same location as two regular subpoenas.  The first of the two "Rush" subpoenas which demonstrate this additional charge was served on October 21, 2011, and directed service upon the Records Custodian at Marine Tower Condominium located at 2500 E. Las Olas Blvd., Fort Lauderdale, Fl, and was billed at $60.00 (DE # 204 at 8). An earlier subpoena that was issued on September 23, 2011 and served on September 27, 2011, was not designated "Rush" and directed service on Marine Tower Condominium, also at 2500 E. Las Olas Blvd., Fort Lauderdale, FL (DE # 204 at 4).  The fee charged for that subpoena was only $35.00.  This same difference in charges is also reflected on the receipts for the two subpoenas issued to Point of America Condominium (DE # 204 at 3, 9).  However, because there is at least one other "Rush" subpoena is only billed at $45.00 (DE # 204 at 5), the undersigned is unable to conclude, based on this record, that there is a higher rate charged for "Rush" subpoenas.  As such, the Court accepts the Defendants' contention that a higher fee was not charged for those subpoenas designated as "Rush".  Moreover, the undersigned notes that the $60.00 charged by the private process server appears to be within the amount that would be charged for regular service by the United States Marshals Service, which is based upon a minimum charge of $55.00 plus mileage and out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3).

[3]  The only objection lodged by Plaintiffs is to the rush fee; there is no contention that the fees charged by the private process servers exceeded the allowable fees under *E.E.O.C. v. W&O, Inc.*, 213 F.3d at 624, and 28 U.S.C. §§ 1920 and 1921, and 28 C.F.R. § 0.114, which limits the recoverable fees to those charged by the United States Marshals Service.

Pursuant to § 1920, a court may tax "fees for exemplification and copies of papers necessarily obtained for use in the case." The burden is on the party seeking recovery of photocopying costs to "come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. . . . A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga.1992) (internal citations omitted). "In evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

Further, although copies attributable to discovery are a category of copies recoverable under § 1920, the taxation of costs of photocopying attributable to discovery has been limited to "copies of pleadings, correspondence, and other documents tendered to the [opposing party]." *Ballestero v. Fairfield Resorts, Inc.*, 2008 WL 5111100, *2 (M.D. Fla. Dec. 4, 2008), citing *Fulton Fed. Sav. & Loan Ass'n v. Am. Ins. Co.*, 143 F.R.D. 292, 299 (N.D. Ga.1991) (quoting *Fressell v. AT & T Tech., Inc.*, 103 F.R.D. 111, 115 (N.D. Ga. 1984)). "Charges for copies of original documents possessed by the prevailing party are not taxable." *Id*. Moreover, "charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." *Id.*

As stated above, in the Memorandum of Law submitted in support of the Defendants' Bill of Costs, the Defendants have submitted a copy of the photocopy billing logs and have generally identified the category of photocopy costs that the Defendants seek to recover. In particular, the Defendants state that they seek to "tax as costs each

copy that was made of a document (e.g., letters to opposing counsel, discovery exhibits exchanged during discovery, trial exhibits for use at trial) submitted to the Court, to the opposing counsel, or used as exhibits for depositions." (DE # 205 at 4).  In addition, the Defendants' Counsel states that the Defendants do not seek to tax as costs any copies that fall outsider of § 1920 (4), and that the firm's staff was instructed only to make copies using the client's code if those copies fell within § 1920(4), and the firm uses another code if the copies fall outside of § 1920 (DE # 205 at 4-5). Finally, Counsel for the Defendant has signed the Declaration on the Bill of Costs which declares under penalty of perjury that the submitted costs were necessarily incurred in this action (DE # 204 at 1),

      The undersigned has reviewed the photocopy log submitted by the Defendants and finds that while the Defendants have not identified in great specificity the task completed for each of the photocopies, the general categories identified by the Defendants in the Memorandum of Law are those that fall within the type of photocopy costs that are recoverable under § 1920.  In addition, based upon the assertions of Defendants' Counsel, and a review of the record as a whole, the undersigned concludes that the photocopy costs were necessarily incurred for use in the case.  Finally, the undersigned has reviewed those cases cited by the Defendants where they were awarded photocopying costs based upon the same type of documentation submitted in the instant case.  Based thereon, the undersigned concludes that the photocopying costs submitted by the Defendants are taxable under the FLSA and 28 U.S.C. § 1920. Accordingly, the undersigned will award the Defendants $2,671.78 in photocopying costs incurred in defending this matter.

### D. Late Charges for Depositions

The Defendants seek to recover $5,685.28 in deposition costs for transcripts and fees incurred in this matter. Such fees are typically compensable under § 1920, if the transcripts were necessarily obtained for use in the case. The Plaintiffs have only objected to the Defendants' request to the extent that the Defendants include late fees in the amount of $70.00 associated with the depositions of Manuel Paguaga, Steve Heidelberger and Francis McCarroll. As stated above, the Defendants contend that the late fees were incurred due to their inability to timely pay the invoices. The Defendants argue that they are still entitled to recover the late fees as a prevailing party because they were fees that were incurred in defending this action.

In support of their position, the Defendants cite *Trammell Real Estate Corp. v. Trammell*, 748 F. 2d 1516 (11th Cir. 1984) for the proposition that costs actually incurred, even if not paid at the time a bill of cost motion is filed may be taxed. However, the Defendants reliance on that case is missplaced, because the issue is not whether the Defendants ultimately paid the late fees, but whether the Plaintiffs' should be taxed with those late fees, due to the Defendants' failure to timely pay the invoices.

The undersigned concludes that the late charges billed to the Defendants based upon the Defendants' failure to timely pay the invoices associated with deposition transcripts may not be assessed against the Plaintiffs. If the Defendants' position was accepted, litigants would be encouraged to not timely pay costs incurred in litigation. Accordingly, the undersigned will deduct $70.00 from the deposition transcript costs requested by the Defendants. Therefore, the Defendants will be entitled to recover $5,615.28 in costs associated with deposition fees and transcripts.

### IV.   THE COSTS ARE ASSESSED JOINTLY AND SEVERALLY

The Plaintiffs also contend that any costs awarded to the Defendant should be awarded on a pro rata basis rather than jointly and severally. The Plaintiffs have not cited any case law for support of this proposition other than attaching an order issued in the matter of *Pellon v. BRI*, Case No. 06-22378-MORENO DE # 152 (S.D. Fla. Feb. 14, 2008), wherein the district court assessed total costs in the amount of $35,567.77 against 53 plaintiffs on a pro rata basis. For the following reasons, the undersigned concludes that the costs awarded in this case should be assessed against the Plaintiffs, jointly and severally.

The presumptive rule is joint and several liability is applied to costs unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs. *White v. Sundstrand Corp.*, 256 F.3d 580, 585-87 (7th Cir. 2001); *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 496-97 (8th Cir. 2002); *In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 468-71 (3d Cir. 2000). In addition, this very issue was addressed *Lamonica v. Safe Hurricane Shutters*, 2009 WL 8006587 (S.D. Fla. March 19, 2009), a nearly identical FLSA action which involved the same Defendants as those in this case. In *Lamonica*, the Court denied the Plaintiffs' request that the costs be taxed on a pro rata basis rather than jointly and severally, in part, because the record demonstrated that a significant amount of costs would have been incurred by the defendants even if there were only one plaintiff in the action. In addition, the plaintiffs in that case failed to specify which costs were attributable to which specific plaintiff. Further, the Court concluded that allowing a pro rata recovery would significantly increase the Defendants' burden in collecting costs from each of the Plaintiffs.

In this case, much like in *Lamonica*, the record herein does not demonstrate that

significantly fewer costs would have been incurred by the Defendants if only one Plaintiff proceeded to trial.  Further, the Plaintiffs in this case have failed to specify which costs are attributable to which specific Plaintiff.  Thus, the Plaintiffs' request is denied. Finally, the undersigned has reviewed the Order of the Honorable Chief Judge Moreno that the Plaintiffs have submitted in support of their request, but the undersigned finds that the facts of this case, particularly given that the total amount of cost sought is less than $10,000, do not warrant a pro rata assessment of costs. Rather, like the Court concluded in *Lamonica*, the undersigned believes that the Plaintiffs have the ability to work with Defendants to ensure that the collection of the cost award Is done equitably. Therefore, the Court declines to awarded costs on a pro rata basis.

V. **INTEREST FROM DATE OF ENTRY OF FINAL JUDGMENT**

The Defendants have also requested that they be awarded interest on the award of costs from the date of the entry of Final Judgment on November 4, 2011.  The Plaintiffs have not objected to this request.  The undersigned concludes that the Defendants are entitled to the accrued interest from the date of the Court's Final Judgment in favor of Defendants.  See *BankAtlantic v, Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994); *Chiever v. R.J. Schor, Inc.*, 2008 WL 4097795, *1 (S.D. Fla. Sept. 2, 2008).

VI. **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Defendants Safe Hurricane Shutters, Inc., Steve Heidelberger, and Francis McCarroll's request to recover costs as set forth in the

11

Bill of Costs (DE # 204), is **GRANTED**, in part.  The Defendants shall recover $9,534.56 from the Plaintiffs, jointly and severally, for costs incurred in this matter.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 29, 2012.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record

Defendant Edward Leiva, pro se
12605 NW 76th Street
Parkland, FL 33076